991 F.2d 792
 25 Fed.R.Serv.3d 713
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: WADDELL JENMAR SECURITIES, INCORPORATED, Debtor.
Securities Investor Protection Corporation, Trustee for the
Liquidation of the Business of Waddell Jenmar Securities,
Incorporated, Plaintiff-Appellee,
v.
National Union Fire Insurance Company of Pittsburgh,
Pennsylvania, Defendant-Appellant.
 No. 92-2158.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 2, 1993
Decided: April 23, 1993
 
 SURETY ASSOCIATION OF AMERICA, Amicus Curiae. Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CA-92-90-2, CA-92-215-2, BK-B-88-00534-C-7, BK-B-89-0068C-7)
 Thomas Matthew Clare, TEAGUE, CAMPBELL, DENNIS & GORHAM, North Carolina, for Appellant.
 Kenneth Joseph Caputo, Assistant General Counsel, SECURITIES INVESTOR PROTECTION CORPORATION, D.C., for Appellee.
 Richard L. Pennington, TEAGUE, CAMPBELL, DENNIS & GORHAM, North Carolina, for Appellant.
 Theodore H. Focht, General Counsel, Michael E. Don, Deputy General Counsel, SECURITIES INVESTOR PROTECTION CORPORATION, Washington D.C.; Joseph M. Lischwe, Sharon H. Spence, MAUPIN, TAYLOR, ELLIS & ADAMS, P.A., North Carolina, for Appellee.
 S. J. Crow, ADAMS, HENDON, CARSON, CROW & SAENGER, P.A., North Carolina; Guy W. Harrison, Carl K. Hoffman, James F. Crowder, Jr., KIMBRELL & HAMANN, Florida, for Amicus Curiae.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILLIAMS, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 This case is an appeal from an order of the United States District Court for the Middle District of North Carolina affirming the Bankruptcy Court's orders (1) denying appellant's, National Union Fire Insurance Company's ("NUFIC"), motion to amend its answer and (2) granting summary judgment in favor of the trustee in liquidation, Securities Investor Protection Corporation ("SIPC"), against NUFIC.[1] Waddell Jenmar Securities ("WJS") was a securities dealer to which NUFIC issued a blanket bond covering losses caused by fraudulent or dishonest acts committed by employees of WJS. The bond was effective from November 1, 1987 to November 1, 1988.
 
 
 2
 Beset by financial difficulties, WJS went into receivership under North Carolina law in January, 1988, and finally into Chapter Seven bankruptcy in March, 1988. On May 26, 1988, the bankruptcy trustee promptly put NUFIC on notice of a possible claim for a loss under the bond. In return, NUFIC gave notice of cancellation of the bond in August of 1988, pointing to certain provisions therein on which it relied. The bankruptcy trustee responded, reserving all rights to make claims under the bond. In April, 1989, in the process of liquidating WJS, SIPC was appointed as liquidator, and in May, 1990, this adversary proceeding was initiated in the bankruptcy court.
 
 
 3
 In the meantime, in August, 1988, Guilford T. Waddell, III, President and a director of WJS, pled guilty to twenty counts of fraud and embezzlement from clients of WJS. In the guilty plea colloquy, Waddell admitted his guilt.
 
 
 4
 The proceedings slumbered from May, 1990 until October, 1991, when SIPC filed a motion for summary judgment. A hearing was set for January 9, 1992. Both sides filed briefs on the issues in December, 1991. Then, on January 2, 1992, only seven days before the hearing, NUFIC moved to amend its answer, seeking to assert two new affirmative defenses. The bankruptcy court denied the motion to amend as untimely and of substantial prejudice to SIPC, heard argument on summary judgment on January 9, 1992, and thereafter granted summary judgment to SIPC.
 
 
 5
 NUFIC appealed the bankruptcy court's orders denying NUFIC's motion to amend its answer and granting summary judgment to the district court. The appeals were consolidated and after a hearing on the merits, the district court affirmed both orders.
 
 DENIAL OF MOTION TO AMEND ANSWER
 
 6
 On January 2, 1992, NUFIC filed a motion to amend its answer to assert two additional affirmative defenses, numbers seven and eight. The seventh defense was based on § 12(a) of the bond itself which provided that the bond shall terminate as soon as the insured learns of any dishonest or fraudulent act by an employee. The eighth defense was based on the bond application, which provided that the bond was voidable if the applicant failed to disclose on the application certain material facts, in this case, Waddell's criminal activity. No reason was given for NUFIC's delay in asserting the seventh defense. As to the eighth defense, NUFIC contended the criminal activity of Mr. Waddell was a fact unavailable to them until well into the discovery process.
 
 
 7
 Obviously, the language of § 12(a)[2] of NUFIC's own form bond was always within the cognizance of NUFIC. The question of the liability of NUFIC on that bond, including § 12(a), had been on the table since mid-summer 1988, more than three years before being proffered as a seventh affirmative defense. The eighth affirmative defense offered in the proposed amendment was drawn from language from the bond application form.[3]
 
 
 8
 With regard to the amendment to offer the seventh defense, that the bond was terminated under § 12(a) upon the fraudulent act of an employee, the bankruptcy court found that this clause was first brought into focus on May 25, 1988 (Exhibit 9) when NUFIC was advised that "the President of the company has been criminally charged with fraud and embezzlement." The Bankruptcy Court also made the findings[4] that Waddell had pled guilty to twenty counts of fraud and embezzlement from WJS customers in August, 1988; that NUFIC was so advised; and that counsel for NUFIC had attended adversary proceedings in which Waddell had testified as to his criminal activities. The bankruptcy court further found that depositions taken of Waddell and other employees outlining the criminal scheme were available. The bankruptcy court then found that no explanation had been offered as to why the seventh defense had not been earlier asserted and why it now arose more than three years after the fraud of Waddell was known to NUFIC, eighteen months after NUFIC had filed the original answer, after all discovery had been closed, and only seven days before the docketed hearing on summary judgment was to be heard.
 
 
 9
 The bankruptcy court found that facts which might support the eighth defense, based upon bond application language, were known or should have been known to NUFIC at the time it filed its original answer and that Waddell's guilty plea and the colloquy associated with that plea in August 1988, should have provided notice of a possible misrepresentation claim. Pertinent information was readily available through prompt discovery and in testimony given in other proceedings, which testimony was at hand.
 
 
 10
 On these findings, the bankruptcy court concluded that undue delay and unfair prejudice to SIPC would occur were the amendments allowed in this case. Discovery in this case had been closed for over sixty days. Both parties had made full use of the discovery process on the theories at hand and had offered their final briefs for the January 9 hearing on the motion for summary judgment when the offered amendment came forward on January 2, only seven days before that hearing. The bankruptcy judge concluded that the undue delay and substantial prejudice to the plaintiff and the failure of NUFIC to show excusable delay constituted just cause for him to deny the motion to amend.
 
 
 11
 An appellate court reviews a lower court's decision on a motion to amend on an abuse of discretion standard. Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988). An appellate court can reverse the lower court's factual findings only if they are clearly erroneous. In re Green, 934 F.2d 568, 570 (4th Cir. 1991). Further, a court may deny a motion to amend when the motion has been unduly delayed and the amendment would cause undue prejudice to the non-moving party. Deasy, 833 F.2d at 40. The denial of the amendment by the bankruptcy court and the district court is therefore affirmed.
 
 GRANT OF MOTION FOR SUMMARY JUDGMENT
 
 12
 The grant of summary judgment to SIPC is attacked on several grounds.
 
 
 13
 The Securities Investors Protection Act ("SIPA"), 15 U.S.C. § 78fff(b), provides that liquidation proceedings, as here, to the extent consistent with the Act, "shall be conducted in accordance with ... chapters 1, 3, and 5 and subchapters I and II of chapter 7 of [the Bankruptcy Code]." In re Government Sec. Corp., 972 F.2d 328, 329 (11th Cir. 1992), cert. denied, 61 U.S.L.W. 3584 (U.S. Feb. 22, 1993) (No. 92-1046). Consequently, 11 U.S.C. § 541(a)(1) applies to SIPA actions. The Government Securities case is squarely on point, holding that
 
 
 14
 the Trustee's rights under the bond constitute and constituted property of the estate under Section 541 of the [Bankruptcy] Code and the automatic termination provision contained in Section 12(c) of the bond is and was ineffective by virtue of Section 541(c)(1)(B)....
 
 
 15
 Id. (citations omitted).
 
 
 16
 Section 541 provides that the filing of a bankruptcy petition creates an estate composed of "all legal or equitable interests of the debtor in property as of the commencement of the case" and invalidates all termination clauses in insurance and fidelity agreements that become part of the bankruptcy estate. Cases cited in an amicus brief seeking to contradict In re Government Securities Corp. are inapposite. They apply to defunct savings and loans and banks and do not implicate SIPA. SIPA specifically provides that the Bankruptcy Code applies to SIPA liquidation. Banks and savings and loans are specifically barred from filing for bankruptcy. For them a special receivership system exists. The FDIC and the FSLIC are prohibited from collecting on depository institution bonds. Under the Bankruptcy Code the SIPC is under no such restriction. Although NUFIC failed to raise this argument at trial and would be barred now as untimely, nevertheless, on the facts as found by the bankruptcy court and the district court, the issue of the bond proceeds not being part of the bankrupt "estate" is meritless. The Code provisions and case law interpreting the provisions clearly support the conclusion that the SIPA liquidation proceedings proceed under Chapters 3 and 5 of the Bankruptcy Code.
 
 
 17
 "Dishonest or fraudulent acts" to be covered by the fidelity bond must have been committed by an employee with the"manifest intent" to cause the insured to sustain a loss and to obtain financial benefit for the employee. NUFIC claims Waddell lacked manifest intent to defraud the customers. We find that Waddell's guilty plea to twenty fraud counts, his statements of his guilt at the plea hearing and his statements in other adversary hearings in the case clearly establish his manifest intent to defraud as defined under the bond standards. The findings of the courts below that Waddell was an"employee" under the bond, and not an "alter ego"; that no attempt was made to write him out of the bond; and that he had the manifest intent to defraud were plainly correct.
 
 
 18
 An effort is made to raise in contention that the loss was not discovered during the bond period. This argument was raised for the first time on appeal. NUFIC's failure to plead this affirmative defense constitutes a waiver of the right to assert the defense on appeal. The defense is untimely. On the evidence in the record, it is totally without merit.
 
 
 19
 In reviewing a district court order granting summary judgment, this court will employ a de novo standard of review. Celotex v. Catrett, 477 U.S. 317, 322 (1986). This court must uphold the lower court's decision if there is no genuine issue as to any material fact and SIPC is entitled to judgment as a matter of law. Id. Because this court is of the opinion that Waddell possessed the requisite intent to cause the insured to sustain a loss in order to benefit himself, we find that the district court correctly granted summary judgment to SIPC and that the decision of the district court is therefore
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Appellant's motion for the court to take judicial notice of various SIPC Annual Reports, SIPC Publications and Provisions of the NASD Rules of Fair Practice filed on December 30, 1992 is denied
 
 
 [2]
 Pertinent language of § 12(a) of the bond offered as a seventh affirmative defense, reads:
 This bond shall be deemed terminated or canceled as to any employee:
 (a) As soon as the insured shall learn of any dishonest or fraudulent act on the part of such employee.
 
 
 [3]
 Pertinent language from the bond application form offered as an eighth defense, reads:
 Every applicant ... is required to advise the prospective insurer of any material fact or information which might effect the judgment of the insurer in deciding whether to accept the insurance.
 
 
 [4]
 Finding of Fact of bankruptcy court. App. at 189